## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**STEARNS BANK, NATIONAL ASSOCIATION,**

      **Plaintiff,**

**v.**                            **Case No.: 8:13-cv-01117-T-27MAP**

**SKIP BERG et al.,**

      **Defendants.**

_____/

### ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment of Foreclosure and Related Relief (Dkt. 38). Defendants Skip Berg, both individually and in his capacity as Trustee of the Skip Berg Revocable Living Trust, and Eighteen Seventy-Two South Trail, Inc. responded in opposition (Dkt. 42), and Plaintiff replied in support of the motion (Dkt. 38). Upon consideration, the motion (Dkt. 38) is GRANTED.

### *Introduction*

In October 2000, Defendant Skip Berg executed a promissory note in the amount of $100,000.00 in favor of Community National Bank of Sarasota County. The note was renewed annually through 2008. In 2009, Community National failed and the Federal Deposit Insurance Corporation was appointed as Receiver for the failed institution. Later that year, Plaintiff Stearns Bank entered into a Purchase and Assumption Agreement with the FDIC (Dkt. 38-1 at 13), under which Stearns purchased certain assets of Community National, including Berg's note.

On September 29, 2010, the FDIC delivered to Stearns an allonge to the note in favor of Stearns (Dkt. 2-9). The same day, Berg executed a Change in Terms Agreement, a Mortgage, and

1

an Assignment of Rents,[1] all in favor of Stearns (Dkts. 2-10, 2-11, 2-12). In the Change in Terms

Agreement, Berg recognized a principal amount due of $99,024.36, with interest accruing at 5%

(Dkt. 2-10 at 1), and agreed to pay that amount to Stearns. The Change in Terms Agreement also

contained a "No Claims Against Lender Provision," in which Berg "waives and expressly represents

and warrants that [he] has no claims, defenses, setoffs, or counterclaims against [Stearns] with

respect to . . . payment of the indebtedness or other sums due and payable under" the Agreement (*id.*

at 2).

Prior to its failure, Berg was a director of Community National. Berg and Community

National jointly contributed to a deferred compensation plan and cash-value life insurance policy for

Berg, which was held by Community National. When Community National failed, the FDIC

assumed the deferred compensation plan and the policy insuring Berg.

Berg filed a claim against the FDIC for the amount of the plan and policy. The claim was

initially denied, which led Berg to file suit against the FDIC pursuant to 12 U.S.C. §

1821(d)(6)(A)(ii). *See Hjalmar R. Berg, Jr. v. Federal Deposit Ins. Corp.*, Case No. 8:10-cv-1331-

JSM-EAJ, Dkt. 1 (M.D. Fla. June 7, 2010). The parties eventually settled, and the FDIC issued a

Notice of Allowance of Claim on September 19, 2011, in Berg's favor (Dkt. 42-4). The Notice stated

that the FDIC had allowed Berg's claim in the amount of $81,478.44, and the claim had been entered

on the FDIC's records as Certificate No. 50001 (*id.*). With regard to recovering the asset, the FDIC

notified Berg that "[a]s the [FDIC] liquidates the assets of the receivership, you may periodically

receive payments on your claim through dividends. The Receiver will pay dividends in accordance

---

[1]Berg executed the Assignment of Rents in his capacity as Trustee of the Skip Berg Revocable Living Trust Dated May 13, 2002.

with the priorities established by applicable law" (*id.*).[2]

Eventually, Berg defaulted on the promissory note. Stearns brought suit in state court to recover on the note and foreclose the mortgage against Berg individually and as Trustee of the Skip Berg Revocable Living Trust Dated May 13, 2002, and joined Eighteen Seventy-Two South Trail, Inc. (Dkt. 2).[3] Defendants filed their Answer, Affirmative Defense, and Counterclaim in response (Dkt. 3), which contained one affirmative defense:

> SKIP BERG is entitled to a set off in the amount of $81,478.44. BERG was owed $81,478.44 by the Community National Bank at the time that bank was placed into receivership by the FDIC. The assets of Community Bank were then transferred to Stearns Bank under a loss share agreement. The note being sued on was a promissory note in favor of Community National Bank. BERG was entitled to a set off from Community National Bank and for that reason entitled to a set off of this claim from Stearns Bank if Stearns attempts to seek a deficiency judgment against BERG.

(Dkt. 3 at 3-4).

Defendants also asserted a Counterclaim, which added the FDIC as a third-party Defendant. The Counterclaim sought a declaratory judgment that Stearns and the FDIC are joint venturers as a result of the loss-share agreement, and that Berg is entitled to a set-off against his liability on the note in the amount of his plan and policy (Dkt. 3 at 7). The Counterclaim was dismissed with prejudice for lack of subject-matter jurisdiction, as it was barred by 12 U.S.C. § 1821(d)(13)(D)(i),[4] and the FDIC was dismissed from the case.

Stearns now moves for summary judgment. It is undisputed that Berg defaulted on the

---

[2]The FDIC is permitted to pay dividends on claims in this manner under to 12 U.S.C. § 1821(d)(10)(B).

[3]Eighteen Seventy-Two South Trail, Inc. was joined because Stearns alleged that it may claim some interest in the property subject to the mortgage. Berg is the Registered Agent, President, Treasure, and Director of Eighteen Seventy-Two South Trail, Inc.

[4]Berg filed a lawsuit against Stearns and the FDIC identical to the Counterclaim, which was also dismissed for lack of subject-matter jurisdiction. *See Schuler v. Stearns Bank, N.A. et al.*, Case No. 8:13-cv-508-JDW-AEP, Dkt. 39 (M.D. Fla. May 17, 2013).

promissory note and that Stearns holds the mortgage at issue. Defendants argue, however, that Stearns is not entitled to summary judgment because (1) Stearns is not a holder in due course of the note, and (2) Berg was entitled to a set-off from the note in the amount of the compensation plan and insurance policy. Neither argument is persuasive, and Stearns is entitled to summary judgment.

### *Holder in Due Course*

Berg argues that Stearns is not a holder in due course of the note for two reasons. First, Berg points to section 673.3021(3)(a), *Florida Statutes*, which provides that "a person does not acquire rights of a holder in due course of an instrument taken . . . [b]y legal process or by purchase in an execution, bankruptcy, creditor's sale or similar proceeding." Berg contends that the takeover of a bank by the FDIC is a "similar proceeding," which means the FDIC, and subsequently Stearns, never became a holder in due course of the note.

Both federal and state courts have rejected this argument. When it takes over a bank and acts as a receiver, the FDIC is entitled to all federal common law defenses that could be raised by a holder in due course under state law. *Fed. Deposit Ins. Corp. v. McCullough*, 911 F.2d 593, 602-03 (11th Cir. 1990). Moreover, the "federal holder in due course doctrine bars the maker of a promissory note from asserting personal defenses against the Federal Deposit Insurance Corporation in connection with purchase and assumption transactions involving troubled financial institutions." *Lassiter v. Resolution Trust Corp.*, 610 So. 2d 531, 537 (Fla. 5th DCA 1992). And this protection "extends to subsequent holders of the notes." *Id.*

In short, Berg is barred from asserting that either the FDIC or Stearns is not a holder in due course of the promissory note by both Eleventh Circuit precedent and state law application of the federal holder in due course doctrine.

Even if Berg could successfully argue that Stearns was no longer a holder in due course of

4

the original promissory note owned by Community National when it failed, Stearns would still be entitled to summary judgment on the Change in Terms Agreement signed by Berg after Stearns assumed the assets and liabilities of Community National. The Agreement originated with Stearns and has not passed to any subsequent holders. Berg admits that he signed the Agreement, and is therefore bound to its terms, which are identical to those of the promissory note.[5]

### Set-Off

Set-off is an equitable defense. *Wiand v. Dancing $, LLC*, 919 F. Supp. 2d 1296, 1317 (M.D. Fla. 2013) (citing *Durham Tropical Land Corp. v. Sun Garden Sales Co.*, 151 So. 327, 328 (Fla. 1932)). To prevail on a claim for set-off, "the defendant must show an existing debt or demand against the complainant in favor of the defendant, and that the debt arose and existed under circumstances where disallowing it would be inequitable." *Id.* (citing *Durham Tropical*, 151 So. at 328). "The very essence and basis for set-off is mutuality of claims; that is to say claims existing between the same parties and in the same right." *Id.*

Berg's set-off defense fails for two reasons. First, there is no dispute that Berg's claim for the value of the plan and policy is against the FDIC, not against Stearns. Stearns did not acquire those assets from the FDIC. Berg admitted as much by filing a claim against the FDIC (and subsequently filing suit) to pursue the assets. The mutuality of parties required for the set-off defense is therefore not met.

Second, Berg has already prevailed on his claim to recover the amounts owed to him as a creditor of Community National. The FDIC issued Certificate No. 50001 in the amount of $81,478.44, which is payable by the FDIC through dividends. Allowing Berg to prevail on his set-off

---

[5]Additionally, Berg never asserted an affirmative defense claiming that Stearns was not a holder in due course of the note. The defense is therefore waived. Fed. R. Civ. P. 12(b).

defenses against Stearns would be akin to a double recovery–an inequitable result inconsistent with the purposes of the equitable defense of set-off.

### Conclusion

There is no dispute that Berg defaulted on the note and mortgage. Stearns is therefore entitled to judgment as a matter of law on its claims against Defendants because Defendants' holder in due course and set-off defenses are legally insufficient. Accordingly,

1) Plaintiff's Motion for Summary Judgment of Foreclosure and Related Relief (Dkt. 38) is **GRANTED**.

2) Plaintiff is directed to **FILE** within **three (3) days** a proposed form of Final Judgment and Order of Foreclosure in favor of Plaintiff Stearns Bank, National Association, and against Defendants Skip Berg as Trustee of the Skip Berg Revocable Living Trust dated May 31, 2002, Skip Berg individually, and Eighteen Seventy-Two South Trail, Inc., in the amount of $129,905.46,[6] plus post-judgment interest as allowed by law to accrue from the date of this Order. Plaintiff shall provide an electronic courtesy copy to chambers in WordPerfect.

3) Jurisdiction is reserved to amend the final judgment, determine and award attorneys' fees, if any, and award a deficiency judgment if necessary.

4) The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this _18th_ day of March, 2014.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:  Counsel of Record

---

[6]This amount is calculated from the amount due as of December 13, 2013 ($125,216.78), plus per diem interest ($48.83) from December 13, 2013 to March 19, 2014 (96 days).